## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JOHN WHITNEY ALLEN,

    Plaintiff,

v.

D. HARRIS ENTERPRISES,

    Defendant.

Civil No. 23-2952-BAH

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff John Whitney Allen ("Plaintiff"), who is proceeding *pro se*, filed suit alleging discrimination against several defendants, two of whom have previously been dismissed from this action. Pending before the Court is a motion to dismiss the second amended complaint, ECF 31, filed by the lone remaining defendant, D. Harris Enterprises ("D. Harris"). A memorandum of law is attached to the motion. *See* ECF 31-1. Plaintiff did not file an opposition to the motion, and the time to do so has long since passed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the motion to dismiss is **GRANTED**.

### I.    Procedural History

Plaintiff originally brought suit against Frito Lay, Inc. ("Frito Lay"), Headwater Leasing ("Headwater"), and D. Harris alleging unlawful age discrimination for the failure of all three defendants to hire Plaintiff. *See* ECF 1 (complaint); ECF 12 (amended complaint). Frito Lay and Headwater were subsequently voluntarily dismissed. *See* ECF 21 (order granting Plaintiff's motion to dismiss and notice of voluntary dismissal). On December 28, 2023, Plaintiff filed a second amended complaint alleging age discrimination against D. Harris. ECF 22. After warning

Plaintiff that his failure to serve D. Harris might result in dismissal, Plaintiff sought, *see* ECF.25, and received, *see* ECF 26, an extension of time to serve D. Harris. On March 13, 2024, the Court received notice that Plaintiff successfully served D. Harris. ECF 27.

After seeking, *see* ECF 29, and receiving, *see* ECF 30, an extension of time to file a responsive pleading, D. Harris filed a timely motion to dismiss pursuant to Fed. R. Civ. P. 12 on May 2, 2024. ECF 31. Plaintiff was sent a Rule 12/56 notice explicitly warning him that if he failed' to "file a timely written response . . . , the Court may dismiss the case or enter judgment against [him] without further opportunity to present written argument." ECF 34, at 1. The notice further warned that if Plaintiff filed "no written response, the Court will resolve the case based on the materials submitted by defendant(s)." *Id.* The notice appears to have reached Plaintiff as it' was never returned to the Court as undeliverable and Plaintiff has maintained the same address since the filing of the initial complaint. As of today, almost eight months have passed since the filing of the motion, and Plaintiff has failed to respond for file any other correspondence in this case.

## II.    Relevant Law

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

The Court is also required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson*, 551 U.S. at 94; *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (finding district courts are not required "to conjure up questions never squarely presented to them").

## III.    Analysis

Plaintiff's second amended complaint alleges "race, color, gender, religion, [or] national origin" discrimination under Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. §§ 2000e to 2000e–17 ("Title VII"). ECF 22, at 4. Plaintiff also alleges age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA"). *Id.* Plaintiff appears to argue that this discrimination manifested itself through Defendant's failure to hire Plaintiff, but Plaintiff also checks boxes on the form complaint alleging "retaliation" and "unequal terms and conditions of [] employment." *Id.* at 7. Plaintiff alleges the

discrimination occurred from October through December of 2023. *Id.* The second amended complaint does not, however, allege Plaintiff's race, color, gender, religion, or national origin, but does claim that he was born in 1952, thus making Plaintiff 71 years old years old the time D. Harris allegedly failed to hire him. *Id.*

D. Harris argues that the second amended complaint must be dismissed because Plaintiff has failed to allege that D. Harris "has the requisite number of employees" to be considered an employer under the ADEA. ECF 31-1, at 3. In the alternative, D. Harris asserts that dismissal is required because "Plaintiff does not contend that he was qualified for any open position or that he actually applied for any open position with [D.] Harris" and "makes no mention of any discriminatory animus; only that he should have been hired" because he applied for an open position and believed himself to be qualified for it. *Id.* at 4. D. Harris further argues that the second amended complaint makes "no mention of any discriminatory reason, such as age, being a factor in the decision" not to hire Plaintiff. *Id.*

A. Plaintiff's ADEA Claim

The ADEA makes it unlawful for an employer "to fail or refuse to hire . . . any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "An employee who alleges that [his] employer violated this prohibition 'must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision.'" *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009)). "When analyzing ADEA claims grounded in circumstantial evidence" at the summary judgment stage,

reviewing courts can "use the three-stage, burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Id.*

"At the first stage of *McDonnell Douglas*, a plaintiff must establish four elements to make out a prima facie case of age discrimination." *Id.* Specifically as it relates to claims alleging age discrimination in the hiring process, the plaintiff

> must demonstrate that: (1) he was a member of a protected class, i.e., that he was at least 40 years old; (2) his employer had an open position for which he applied and was qualified; (3) he was rejected despite his qualifications; and (4) the position remained open or was filled by a similarly qualified applicant who was substantially younger than the plaintiff, whether within or outside the class protected by the ADEA.

*Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006). Of course, "an employment discrimination plaintiff need not plead a prima facie case of discrimination" under *McDonnell Douglas* to survive a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). However, "reference to the elements" of a prima facie discrimination claim "is helpful to gauge the sufficiency of the allegations." *Gaines v. Baltimore Police Dep't*, 657 F. Supp. 3d 708, 734 (D. Md. 2023).

Such is the case here as Plaintiff has failed to plausibly allege the elements of an ADEA claim. Plaintiff properly alleges that he is over the age of 40. ECF 22, at 5. Plaintiff also appears to allege that he has applied to D. Harris for a position driving trucks "at least four times since October 2022," was otherwise qualified for the position, and was nonetheless rejected by D. Harris.[1] *Id.* Plaintiff does not, however, offer any direct or circumstantial evidence of

---

[1] In an apparent effort to establish that he was otherwise qualified for the position, Plaintiff appears to allege that he previously worked with Frito Lay when he drove a truck for Headwater and "is familiar with the [Frito Lay] operation." ECF 22, at 5. Plaintiff alleges that he "knows he can handle the work assignments," has been to all of Frito Lay's distribution centers, and "did a good job" during previous stints as a driver. *Id.* He appears to allege that D. Harris also contracts with Frito Lay to haul their products, as Plaintiff has "seen their trucks on I[-]95 pulling Frito Lay

discrimination based on age as Plaintiff claims only that D. Harris "won't say why" Plaintiff was not hired, an act that Plaintiff claims is—in and of itself—discriminatory. *Id.* ("It is unjust and discriminatory that they deny [a] job opportunity to qualified job applicants without explaining why."). While direct evidence of discrimination is not necessary to plead unlawful age discrimination, Plaintiff has nevertheless failed to allege age discrimination because Plaintiff has failed to state that the position was filled by a younger applicant or remained vacant.

More importantly, Plaintiff has failed to allege a plausible connection between Plaintiff's age and D. Harris's hiring decision. Plaintiff repeatedly claims that though he applied for the job, he has not been "given [an] acceptable explanation as to why [he] was not hired." *Id.* at 22. As D. Haris argues in its motion, "Plaintiff makes no mention of his alleged failure to hire being motivated by any illegal reasons such as that protected under the ADEA." ECF 31-1, at 2. It is well-established that "to survive a motion to dismiss, the complaint must 'state[ ] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). Plaintiff's allegation that he applied for a job and was not hired despite being otherwise qualified, standing alone, fails to meet this requirement as it fails to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, Plaintiff's claim that Plaintiff is "entitled to substantial damages . . . due to the unlawful discrimination [of D. Harris]," ECF 22, at 5, is the type of "[b]are legal

---

trailers." *Id.* He claims that though Frito Lay was supportive of the idea that Plaintiff could "pull [a Frito Lay] trailer," when Plaintiff "contacted [D. Harris] and asked [if he could work for them] at Frito Lay," D. Harris "said no" but "wouldn't say why." *Id.* Construing the amended complaint liberally, the Court will assume that Plaintiff has properly alleged that he was qualified to work for D. Harris as a driver.

conclusion[]" that is "'not entitled to the assumption of truth' and [is] insufficient to state a claim." *King*, 825 F.3d at 214 (citing *Iqbal*, 556 U.S. at 679). Plaintiff's ADEA claim must be dismissed.[2]

### B. Plaintiff's Title VII Claim

Plaintiff's allegation that he was subjected to discrimination in violation of Title VII also fails. Title VII prohibits employers from "fail[ing] or refus[ing] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin," 42 U.S.C. § 2000e–2(a)(1), and from "limit[ing], segregat[ing], or classify[ing] . . . employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin," *id.* (a)(2). As with an ADEA claim, a plaintiff may prove Title VII discrimination through either "(1) direct or circumstantial evidence that discrimination motivated the employer's adverse employment decision; or (2) the *McDonnell Douglas* 'pretext framework' that requires a plaintiff to show that 'the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for [discrimination].'" *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004) (en banc) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981)), *abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013). "Notwithstanding the intricacies of proof schemes, the core of every Title VII case remains the same, necessitating resolution of 'the ultimate question of

---

[2] The Court declines to evaluate D. Harris's argument related to the number of employees as "[a] Rule 12(b)(6) motion tests the sufficiency of a complaint; it does not, however, 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King*, 825 F.3d at 214 (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).

discrimination.'" *Wannamaker-Amos v. Purem Novi, Inc.*, --- F.4th ---, No. 23-1568, 2025 WL 78324, at \*5 (4th Cir. Jan. 13, 2025) (quoting *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010)).

In order to establish a prima facie case of Title VII discrimination, Plaintiff must show that (1) Plaintiff is a member of a protected group, (2) there was a specific position at D. Harris for which Plaintiff applied, (3) Plaintiff was qualified for that position, and (4) D. Harris rejected Plaintiff's application under circumstances that give rise to an inference of discrimination. *See Williams v. Giant Food Inc.*, 370 F.3d 423, 430 (4th Cir. 2004). Plaintiff fails at the very first step as the second amended complaint does not allege Plaintiff's membership in a protected group. Indeed, a careful review of the second amended complaint fails to reveal any mention of Plaintiff's race, color, religion, sex, or national origin. As with the ADEA claim, Plaintiff has failed to allege circumstances that give rise to a claim of discrimination on any Title VII basis "above the speculative level." *Twombly*, 550 U.S. at 555.

"Title VII also prohibits employers from 'discriminat[ing] against any [an] employee[] . . . because [that employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has . . . participated in any manner in an investigation' under Title VII." *Coleman*, 626 F.3d at 190 (citing 42 U.S.C. § 2000e–3(a)). Plaintiff has failed to allege that D. Harris took any retaliatory action against Plaintiff because Plaintiff opposed an unlawful practice or because Plaintiff participated in a Title VII investigation. Indeed, Plaintiff does not allege that he worked for D. Harris during the relevant time period and Plaintiff's only participation in an investigation of any kind occurred after he was allegedly denied employment with D. Harris. ECF 22, at 6 (noting that Plaintiff contacted the Equal Opportunity Employment Commission *after*

8

he was denied employment at D. Harris). As such, Plaintiff has failed to allege retaliation under Title VII.

## IV.    Conclusion

For the reasons noted above, the motion to dismiss is **GRANTED**. Ordinarily, the Court would provide Plaintiff an opportunity to cure the defective pleading. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, Plaintiff did not respond to Defendant's motion at all, let alone with a request for leave to amend. Moreover, Plaintiff has had multiple opportunities to attempt to cure deficiencies as this is the second amended complaint. "Given the multiple attempts that Plaintiff[ has] had to sufficiently set forth [Plaintiff's] allegations in three tries, this Court is of the opinion that further leave to amend is futile, and therefore the dismissal is with prejudice." *Feeley v. Total Realty Mgmt.*, 660 F. Supp. 2d 700, 715–16 (E.D. Va. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

A separate implementing order will issue.


Dated: <u>January 30, 2025</u>                                    <u>        /s/        </u>
                                                                    Brendan A. Hurson
                                                                    United States District Judge

9